# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **JOHN J. BOLLING,** | ) | |
| Plaintiff, | ) | Case No. 2:22CV00027 |
| v. | ) | **OPINION AND ORDER** |
| **MARTIN J. O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,** | ) | JUDGE JAMES P. JONES |
| Defendant. | ) | |

*Lewey K. Lee, The LEE LAW FIRM OF WISE, P.C., Wise, Virginia, for Plaintiff; George G. Davidson, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Baltimore, Maryland, for Defendant.*

In this social security disability case, I will grant the objections of the Commissioner of Social Security (Commissioner) to the magistrate judge's Report and Recommendation (Report).

I.

The Commissioner objects to the Report regarding John J. Bolling's claim for a period of disability and disability insurance benefits under the Social Security Act (Act). This action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Judge Sargent filed her Report on January 24, 2024, and recommended that the court deny Bolling's and the Commissioner's motions for

summary judgment, vacate the Commissioner's decision denying benefits, and remand Bolling's claim to the Commissioner for further consideration. The Commissioner filed timely objections to the Report on January 30, 2024. The plaintiff has not filed a response to the objections, and over fourteen days have passed since he was served with a copy of the Report. 28 U.S.C. § 636(b)(1)(C). Accordingly, the objections are now ripe for review.

## II.

I must make a de novo determination of those portions of the Report to which the Commissioner objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under the Act, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *Coffman ex rel. Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, then the inquiry ends, and the Commissioner's final decision must be affirmed. *Id.* Alternatively, if substantial evidence to support the Commissioner's decision is not

found or the decision was not reached through application of the correct legal standard, I must vacate the decision. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

In evaluating the Commissioner's findings, the court does not reweigh the evidence or make credibility determinations because those functions are left to the administrative law judge (ALJ). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (citation omitted).

The plaintiff has the burden of showing that a "medically determinable physical or mental impairment" exists and has persisted for at least 12 months. 42 U.S.C. § 423(d)(1)(A). He must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C.A. §§ 423(d)(2)(A), 1382c(a)(3)(B). In assessing disability claims, the Commissioner applies a five-step sequential evaluation process. The claimant bears the burden of proving the first four steps and then the burden shifts to the Commissioner for the fifth step. 20 C.F.R. § 404.1520(a)(4)(i)–(v). The Commissioner considers whether the claimant: (1) has worked during the alleged

period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to past relevant work; and (5) if not, whether he could perform other work present in the national economy. *Id.*

### III.

Bolling applied for disability insurance benefits on March 11, 2021, alleging disability as of December 11, 2020, based on right thumb amputation, anxiety, depression, hypertension, knee and back pain, left shoulder pain, shortness of breath, and learning problems. Admin. R., ALJ Dec. 1, 8, ECF No. 7-3. In his written decision denying Bolling's claim, the ALJ found that Bolling did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 4. The ALJ concluded that Bolling has the residual functional capacity to perform light work, with exceptions, and that a significant number of jobs existed in the national economy that Bolling could perform. *Id.* at 7.

In her Report, the magistrate judge found that the ALJ's finding at the second step of the process — determining whether the claimant has a severe impairment — was not supported by substantial evidence and was contrary to the ALJ's finding as to Bolling's residual functional capacity. The ALJ concluded that Bolling's pneumoconiosis was non-severe, but also found that he could only have

occasional exposure to pulmonary irritants. *Id.* The magistrate judge noted that a non-severe impairment is defined as "[a]n impairment or combination of impairments" that does not "significantly limit" a claimant's ability to do basic work activities. 20 C.F.R. § 404.1522(a). Although "significant" has not been defined in the Social Security Regulations, the court in *Townsend v. Heckler* held that it must give the word its commonly accepted meanings, among which are, "having a meaning and deserving to be considered." 581 F. Supp. 157, 159 (W.D. Va. 1983). The court also noted that the antonym of "significant" is "meaningless." *Id.* The magistrate judge concluded that since the ALJ found that Bolling could have only occasional exposure to pulmonary irritants due to his pneumoconiosis, the plaintiff's impairment could not be meaningless.

In response, the Commissioner submits that the ALJ's finding was an error of form and not of substance. Obj. 1–2, ECF No. 16. The Commissioner argues that even if the ALJ should have found Bolling's pneumoconiosis to be a severe impairment, this omission was a harmless error that does not provide a basis for remand because the ALJ continued the sequential evaluation process beyond step two. *Id.* at 3. The Commissioner further noted that remanding to correct a harmless error would not serve any purpose and that remand due to error requires an element of prejudice. *Id.*

Based on careful review of the objections and the record, I must grant the Commissioner's objections. The case law is clear that an error at step two is harmless if the ALJ considers the effects of all of the claimant's impairments in the subsequent steps. *See, e.g., Brooks v. Astrue*, No. 5:10CV00104, 2012 WL 1022309, at *12 (W.D. Va. Mar. 26, 2012); *Baker v. Colvin*, No. 4:12-CV-00039, 2013 WL 5719458, at *4 (W.D. Va. Oct. 21, 2013). "[T]he issue of whether or not a particular impairment is found severe is only critical if the ALJ finds no severe impairment and ends the analysis at step two; if any impairment is severe, the ALJ must consider all impairments when assessing residual functional capacity." *Miller v. Astrue*, No. 8:10-1142-HMH-JDA, 2011 WL 1576203, at *15 (D.S.C. Apr. 7, 2011). Thus, if the ALJ considered Bolling's pulmonary impairment at later steps and in assessing his residual functional capacity, the error is harmless and I cannot remand.

At step two, the ALJ found that Bolling had the following severe impairments: right thumb amputation, obesity, hypertension, depression, and anxiety. ALJ Dec. 4, ECF No. 7-3. As the magistrate judge's Report states, Bolling's pneumoconiosis is absent from the list. However, the ALJ specifically noted Bolling's claims of shortness of breath and evidence of respiratory functioning. *Id.* The ALJ stated that Bolling's pneumoconiosis was a non-severe impairment, but that it would be considered in the determination of his residual

functional capacity. *Id.* The ALJ concluded that Bolling could only have occasional exposure to pulmonary irritants, a limitation the ALJ designated "based on [Bolling's] complaints of shortness of breath and diagnosis of COPD." *Id.* at 11. Since the ALJ continued past step two and considered the effects of Bolling's pneumoconiosis, I find the error harmless.

Accordingly, it is **ORDERED** as follows:

1. The Commissioner's objections, ECF No. 16, are GRANTED;
2. The Report, ECF No. 15, is not accepted;
3. The plaintiff's Motion for Summary Judgment, ECF No. 10, is DENIED;
4. The Commissioner's Motion for Summary Judgment, ECF No. 13, is GRANTED; and
5. A separate final judgment affirming the denial of benefits will be entered herewith.

ENTER: March 19, 2024

/s/ JAMES P. JONES
Senior United States District Judge